# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CARL JOHNSON,<br><br>       Petitioner,<br><br>v.<br><br>SUPERINTENDENT, Wabash Valley<br> Correctional Facility,<br><br>       Respondent. | No. 2:10-cv-122-WTL-DML |

## Entry Discussing Petition for Writ of Habeas
## Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Carl Johnson for a writ of habeas corpus must be **denied** and the action dismissed without prejudice. In addition, the court finds of the certificate of appealability should not issue**.**

## The Petition for Writ of Habeas Corpus

### I. Nature of the Case

Johnson seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).

### II. Parties

Johnson is confined at a state prison in Indiana. The respondent is Johnson's custodian, sued in his official capacity only as representative of the State of Indiana.

### III. Procedural Background

Johnson was convicted in an Indiana state court of the unlawful possession of a firearm by a serious violent felon. He was also found to be an habitual offender under Indiana law and sentenced accordingly. These convictions arose out of his role in an armed robbery of a restaurant on June 25, 2003. Johnson's convictions were affirmed on appeal in *Johnson v. State,* No. 49A04-0505-CR-282 (Ind.Ct.App. 2006). The trial court's denial of Johnson's petition for post-conviction relief was affirmed on appeal in *Johnson v. State,* No. 49A02-0907-PC-00609 (Ind.Ct.App. 2009).

### IV. Discussion

Johnson seeks habeas corpus relief based in part on his claims that he was denied the effective assistance of counsel both at trial and in his direct appeal. These claims are barred here by the doctrine of procedural default. Specifically, these were claims asserted in Johnson's post-conviction action, but he did not seek transfer of that decision invoking the discretionary review of the Indiana Supreme Court. His failure to do so constitutes his

procedural default. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)("'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary.").

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's "*actual* and substantial disadvantage"; or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted); *see also Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002), *cert. denied,* 537 U.S. 1214 (2003).

Johnson has not attempted to establish circumstances permitting him to overcome the consequences of his procedural default as explained above. Accordingly, this court cannot reach the merits of his habeas claims relating to the asserted ineffective assistance of counsel both at trial and in his direct appeal.

Johnson's habeas claims also include his challenge to the sufficiency of the evidence as to his conviction for Unlawful Possession of a Firearm by a Serious Violent Felon and his adjudication as an habitual offender. This challenge was rejected in Johnson's direct appeal. As was the case with the other habeas claims, Johnson did not seek transfer with respect to the decision in his direct appeal and in consequence he committed procedural default as to this claim as well.

## VII. Conclusion

This court has carefully reviewed the state record in light of Johnson's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Johnson to relief in this case. Johnson's petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Johnson has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 11/30/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana